# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2013

Lyle W. Cayce
Clerk

No. 13-10551
Summary Calendar

DELORIS PHILLIPS,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1571

Before  HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Deloris Phillips, proceeding pro se, filed a complaint against the Federal Bureau of Investigation as well as numerous other pleadings. Citing a prior order barring Phillips from filing documents without leave of court, the district court struck Phillips's pleadings. The court denied a subsequent motion for leave and ordered the case administratively closed. The court also denied Phillips leave to proceed in forma pauperis (IFP) on appeal, certifying that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal was not taken in good faith.  Phillips now moves this court to appeal IFP and for appointment of counsel.

By moving to proceed IFP on appeal, Phillips challenges the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  She also moves for appointment of counsel.

Phillips provides only conclusory arguments that the district court erred, without citations to the record and without reference to any relevant legal authorities.  Instead, as in her earlier appeal in *Phillips v. United Parcel Serv.*, No. 12-11126 (5th Cir. 2013), and as in her district court pleadings in this and two prior lawsuits against UPS, Phillips's brief offers nothing more than fantastic allegations of a white supremacist conspiracy against her.  She also accuses the district court and this court of punishing her for speaking out against racism, protecting UPS, and aiding corruption.  Her appeal fails to set forth any issue of arguable legal merit and is, therefore, frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Her motion to proceed IFP is denied, and we dismiss her appeal as frivolous.  *See* 5TH CIR. R. 42.2.  Her motion for appointment of counsel is also denied.

This matter represents the latest of several attempts by Phillips to assert frivolous claims of a wide-ranging conspiracy against her by UPS and others.  Phillips made similar allegations in two prior suits against UPS, and she raised similar claims in her appeal of the dismissal of one of those suits.  That appeal was dismissed as frivolous, and we cautioned Phillips that frivolous filings and the use of abusive and insulting language would result in sanctions.  *Phillips v. United Parcel Serv.*, No. 12-11126, slip op. at 1-2 (5th Cir. Sept. 19, 2013).  As noted, the district court previously barred her from filing further pleadings without leave of court, an order she ignored by bringing the instant complaint against the FBI without leave.

No. 13-10551

In addition, this court issued an order in No. 12-11126, and an order in the instant appeal, barring Phillips from contacting the clerk of court and directing the clerk not to accept unauthorized, unsolicited, or repetitive filings. These orders were the result of Phillips's practice of repeatedly calling the clerk of court to argue the merits of her appeal and of leaving messages asserting a conspiracy regarding her appeal.

However, despite Phillips's repeated attempts to bring the same frivolous claims and her abuse of the judicial system, our previous sanction warning and our previous order barring her from contacting the clerk of court were issued only after Phillips brought the instant suit and only after she appealed the district court's denial of leave to proceed IFP. Accordingly, Phillips is again warned that future frivolous filings will invite the imposition of progressively more severe sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. In order to avoid the imposition of additional sanctions, Phillips should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED; SANCTION WARNING ISSUED.